Jerry Chester #66184-019
U.S.P. Atwater
P.O. Box 019001
Atwater, CA 95301

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FILED

OCT 25 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

JERRY CHESTER,                    )    CASE NO. 1:22-CV-01368-HBK (HC)

              Petitioner,         )

                                  )

         v.                       )

                                  )

WARDEN TRATE, USP ATWATER,        )

              Respondent.         )

_____ )

RECEIVED

OCT 25 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

MEMORANDUM OF POINTS AND AUTHORITY IN

SUPPORT OF MOTION UNDER 28 U.S.C. § 2241

COMES NOW, Jerry Chester, pro se, and moves this Court
to grant a writ of habeas corpus pursuant to 28 U.S.C. § 2241
on the basis that (1) BOP Administrative processes violated
his due process rights; and (2) such violation resulted in his
prison sentence being unconstitutionally lengthened by virtue
of losing 41 days good conduct time.

I.   Factual Background

On 07/07/2021,   staff member A. Valli at USP Victorville
delivered an Incident Report ("IR"), #3515123 to inmate
Chester, charging a violation of Code 111 and 196. The IR was
rewritten following a request by USP Victorville for a rewrite
and a reconsideration by the DHO. The rewritten IR was

delivered to inmate Chester on 10/19/2021 at USP Victorville.
The IR stated that Chester violated Code 111 and 196 on
04/12/2021. On 10/21/2021 a UDC hearing was conducted, during
which the case was referred to the DHO for further
disciplinary proceedings.


B.   The DHO Hearing and Decision


Chester appeared before a Disciplinary Hearing Officer
("DHO"). At the hearing, the DHO relied on the officer's
written report (e.g. "the rewritten report"), and on the
Memorandum provided by Acting Chief Pharmacist C. Madrigal,
who stated in pertinent part, "On May 24, 2021, at 12:47 p.m.,
I was presented with a hard cover book discovered to have
approximately (100) strips concealed underneath the book
binding...I have identified the orange strips as Suboxone
(Buprenorphine/Na10xone) 8mg/2mg sublingual strips." See EXHIBIT
A, DHO Report at Section V. The DHO also relied on information
listed in § D of the DHO Report and found petitioner guilty as
charged. The DHO imposed a sanction of the loss of 41 days
good conduct credit and the loss of email for 6 months.


C.   BOP Administrative Procedures


After the DHO provided inmate Chester with a copy of the
report, petitioner filed a BP-10 to the Regional Director
pursuant to 28 C.F.R. § 542.14(d)(2). In the Regional
Director's response, M. Rios stated in part, "[C]ontrary to
Chester's belief, a pharmacist is allowed to identify a

substance as Suboxone and staff are not required to retest the substance via NIK Polytesting when this is done."

Upon receipt of the denial of the BP-10, inmate Chester filed a BP-11 to the General Counsel pursuant to 28 C.F.R. § 542.15(a) which was also denied. Thus, Chester has fully exhausted his administrative remedies pursuant to 28 C.F.R. § 542.10(a) for the purpose of pursuing a § 2241 motion.

## II. Legal Standard

A prisoner challenging the manner, location or condition of the execution of his sentence may do so pursuant to 28 U.S.C. § 2241. Section 2241 petition is the appropriate vehicle to challenge the correctness of a jail-time credit determination, and loss of good conduct credit. Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016)(en banc); see also Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)("Habeas corpus jurisdiction is available under 28 U.S.C. § 2241 for a prisoner's claim that he has been deemed good time credit without due process of law."). Because Chester is challenging his loss of good conduct credit due to a due process violation during his administrative disciplinary process, this Court has jurisdiction over this matter. Francis v. Rison, 894 F.2d 353 (9th Cir. 1990).

## III. Grounds For Relief

## A. Due Process Violation

When a prison disciplinary proceeding may result in the loss of good time credit, procedural due process requires that the prisoner receives notice of the charges in advance of a hearing; an opportunity to call witnesses and present evidence; and a statement by the fact-finder of the evidence relied on and the reason for the disciplinary action. Wolf v. McDonnell, 418 U.S. 539, 563-67 (1974).

Chester files this writ on the basis that (1) the Incident Report did not provide him with specific evidence proving that the strips were properly tested in accordance to BOP's NIK testing procedure; (2) the Pharmacist did not provide in his/her memorandum evidence that he/she personally utilized the NIK testing kits and performed the sequences of tests before concluding the items were identified as Suboxone strips; (3) Chester's procedural due process rights were violated when DHO relied on findings not supported by a properly NIK test as "some evidence" under the Wolf standard; and (4) Chester's prison sentence is unconstitutionally lengthened by virtue of losing 41 days good conduct time due to the flawed Disciplinary Hearing process.

First, Chester contends that the Incident Report ("IR") did not provide him with specific evidence to allow him to prepare a proper defense because the IR lacked proof that the strips were tested in full compliance with BOP's NIK's testing procedure. For example, the IR plainly stated "[t]hese strips were positively identified by the Staff Pharmacist as Suboxone." However, a pharmacist's visual identification of items seized as Suboxone does not satisfy Wolf's due process

guarantee--no matter how minimal is such right in the prison
setting.

BOP Program Statement 6060.08: NARCOTIC IDENTIFICATION
KITS provides, "[E]ach Captain will ensure the institution
maintains a supply of Narcotic Identification Kits (purchased
through the Federal Supply Schedule) to determine the identity
of unknown substances. Id. The Program Statement further
states, "[A]ll lieutenants will be proficient in using the
Narcotic Identification Kit and ordinarily are responsible for
testing unknown substances." PS 6060-08. See Exhibit B (PS
6060-08).

Thus, when the Regional Director M. Rios outright
       stated, "[c]ontrary to Chester's belief, a pharmacist
is allowed to identify a substance as Suboxone and staff are
not required to retest the substance via NIK Polytesting when
this is done" -- he was in error. The BOP Program Statement
mandated the NIK sequence testing, and such testing must be
conducted by a lieutenant, not a pharmacist. Most notably, the
failure of staff to put Chester on notice with the Incident
Report on whether the strips were properly tested according to
BOP's NIK testing procedure violated his due process rights.
In addition, by failing to state in the IR whether the
appropriate tests were performed with the Narcotic
Identification Kits, the reporting officer deprived Chester of
his right to prepare a viable defense.

Second, Chester contends that his procedural due process
rights were violated when the Pharmacist did not provide in
his/her memorandum that he/she utilized the NIK testing kits

and performed the sequences of tests before concluding the
items were identified as Suboxone strips. The pharmacist
states, "I was presented with a hard cover book discovered to
have approximately (100) strips...I have identified the orange
strips as Suboxone (Buprenorphine/Na10xone) strips." The pharm-
acist did not state how he/she arrived at the conclusion of
identifying the orange strips as Suboxone, and at no time the
IR or the DHO provided any information as to which staff
performed the NIK test, if one was done, and whether the NIK
test was performed in the sequential order as required.

A NIK standard test is a mandatory requirement by Program
Statement 6060.08, and the due process clause, whereas, a
prisoner must not be deprived of liberty without due process.
Additionally, pursuant to PS 6060.08, (NARCOTIC IDENTIFICATION
KITS), BOP Captains must ensure the institution maintains a
supply of Narcotic Identification Kits for the sole purpose of
determining the identity of unknown substances, while BOP
lieutenants are given the tasks of [using] the Narcotic
Identification Kit and ordinarily are responsible for testing
unknown substances.     6060·08. Program Statement did not
provide any provision that authorized a pharmacist to use
visual examination of items to determine whether such items
are controlled substances. Neither did PS 6060.08 provided
any exceptional clause that allowed anyone apart from
lieutenants to "use" the NIK testing kit. Credibility,
accuracy, and integrity must be of great concerns as the main
reason the Agency provide clear instructions that lieutenants
must use the Narcotic Identification Kits. A disregard of PS
6060.08, resulted is a violation of Chester's due process

right to obtain a fair proceeding. Thus, DHO's reliance on a
unauthorized pharmacist's memorandum deprives Petitioner of
procedural due process rights.

A proper polytesting is mandatory in investigations as
this, contrary to Regional Director M. Rios's disposition. For
procedural clarity, the NIK kit consisted of a series of
individual test kits, each intended to test for different
substances and identified by letters of the alphabet. Users
are instructed to start with test "A" and, depending on the
results move down a flowchart until the suspected drugs are
identified. Thus, the NIK test are done in sequences labeled
as Test A, Test U, and Test K. Depending on the color-coded
results on the flowchart and what each color indicates, the
authorized user of the NIK continues until the process is
completed. See e.g. Benard v. Denhaw, 2018 U.S. Dist LEXIS
197997 (explaining NIK procedure).

At Petitioner's Disciplinary Hearing, the DHO relied on
an unauthorized pharmacist's visual examination of the strips
seized, and the pharmacist's boilerplate statements that
he/she identified the strips as Suboxone. However, nothing
from the pharmacist's memorandum validates that he/she
followed BOP procedural requirement for a full NIK testing
process. More importantly, nothing from BOP's Program
Statement, § 6060.08 indicates that a pharmacist is
authorized to conduct a NIK testing. Without a proper NIK test
result, that was done by an authorized staff, the alleged
Suboxone evidence should be deemed inappropriate and
inadmissible for DHO consideration. Absent the pharmacist's
boilerplate statement or unauthorized report, the evidence

does not support the "some evidence" under the Wolf standard
for a Code 111 violation. Thus, the DHO process is tainted; it
lacked integrity and confidence in the result, and warrants
reversal of the sanction, guilty findings, and expunged from
Chester's record. This level of due process violation warrants
a grant of the writ, and the reinstating of Chester's good
conduct credit and email privileges.

Third, Chester's prison sentence is unconstitutionally
lengthened by virtue of losing 41 days good conduct time due
to the Disciplinary Hearing Officer violating Chester's due
process rights. The entire DHO proceeding deprived petitioner
of a fair process, resulting in the lengthening of his
sentence by 41 days. The flaw in how the DHO conducted the
hearing failed to satisfy the BOP's evidentiary standards, and
therefore gives weight to Chester's argument that the alleged
substances were never tested. The pharmacist's boilerplate
statement and visual examination does not satisfy the "some
evidence" standard to deprive petitioner of 41 days good
conduct credit--even under the highly deferential Hill
standard. See Hill, 472 U.S. at 455.

IV.  Conclusion

For all the foregoing reasons, Petitioner Jerry Chester,
moves this Court to grant the writ by, (1) reversing the DHO
findings and all Administrative denials; (2) restore
Petitioner's 41 days good conduct credit and email privileges;
and (3) for the charges and guilty findings be expunged from

his record.

Dated: 10 /14 /2022                    Respectfully submitted,

                                        *Jerry Chester*

                                        Jerry Chester

## CERTIFICATE OF SERVICE

I JERRY CHESTER, DO CERTIFY THAT I HAVE SERVED A TRUE AND CORRECT COPY OF THE FOLLOWING:

MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF MOTION UNDER
28 U.S.C 2241

AND DEPOSITED SAME IN THE UNITED STATES POSTAL SERVICE AT UNITED STATES PENITENTIARY
ATWATER ON THIS    14th    day of  October              2022.

*Jerry Chester*
JERRY CHESTER #66184-019
po box 019001
Atwater, Ca 95301

# Exhibit A

INMATE COPY



**BP-A0304**     **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

| | |
|---|---|
| Institution: **VICTORVILLE USP** | Incident Report Number: **3515123** |
| NAME OF INMATE: **CHESTER, JERRY** | REG.NO.: **66184-019**    UNIT: **3 B** |
| Date of Incident Report: **07-07-2021** | Offense Code(s): **111 196** |
| Date of Incident: **04-12-2021** | |

Summary of Charges:

    **111 -- INTRODUCTION DRUGS/ALCOHOL. 196 -- MAIL ABUSE, CRIMINAL.**

---

**I.   NOTICE OF CHARGE(S)**

   A.  Advanced written notice of charge (copy of Incident Report) was given to inmate on **07-07-2021**    at **1700**   (by staff member) **A. VALLI**

   B.  The DHO Hearing was held on **08-04-2021**    at **0905 hrs**

   C.  The inmate was advised of the rights before the DHO by (staff member): **villanueva**      on **08-02-2021**

     and a copy of the advisement of rights form is attached.

   D.  Delay in Process  **SIS Investigation**

---

**II.  STAFF REPRESENTATIVE**

   A.  Inmate waived right to staff representative:   [Yes] \_\_     [No] **X**

   B.  Inmate requested staff representative and **Unit Manager E. Perez**      appeared.

   C.  Staff Representative's Statement:

     **"He said his due process rights were violated and he was never read his rights."**

   D.  Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: **NA**

   E.  Staff representative **NA**      was appointed.

---

**III.  PRESENTATION OF EVIDENCE**

   A.  Inmate ( ) admits   ( **X** ) denies the charge(s).

   B.  Summary of Inmate Statement:

     **Inmate Jerry CHESTER, Register Number 66184-019, submitted a written statement in which he denied the charge, stating due to SIS intercepting the package he was unable to confirm he was aware of the hidden compartments in the books, nor did he have knowledge of the scheme.**

---



BP-A0304    **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

C.    Witnesses

1.    The inmate waived right to witnesses.    [Yes] X    [No] ___

2.    The following persons were called as witness at this hearing and appeared
      (Each witness name and statement listed below):
      **NA**

3.    The following persons requested were not called for the reason(s) given
      (Each witness name and statement listed below):
      **NA**

4.    Unavailable witnesses were requested to submit written statements and
      those statements received were considered (Each witness name and
      statement listed below):
      **NA**

D.    Documentary Evidence. In addition to the Incident Report and
      Investigation, the DHO considered the following documents:
      **Warden UDC Extension Memo -- (UDC-EXT-M)**
      **Incident Report - SIS Reports -- (BOP-IRSIS)**
      **Incident Report - Photographs -- (BOP-IRPHO)**
      **Incident Report - Staff Memorandums -- (BOP-IRMEM)**
      **Incident Report - TRU System Documentation -- (BOP-IRTRU)**
      **Other PDF Document -- (OTHER):  Written Statements provided by the inmate**

E.    Confidential information was used by DHO in support of his findings, but
      was not revealed to the inmate. The confidential information was documented
      in a separate report. The confidential information has been (confidential
      informants have been) determined to be reliable because:
      **NA**

IV.    FINDINGS OF THE DHO

___ A. The act was committed as charged.    ___ C. No prohibited act was committed:

X  B. The following act was committed:        Expunge according to inmate
   **111A**                                    discipline PS.

V.    SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations
      written documents, etc.)

The inmate s due process rights were read and reviewed by the DHO to the inmate. The DHO
confirmed the inmate received a copy of his incident report, did not want to call any witnesses, did
not want a staff representative, and had no documentary evidence to submit. The DHO explained to
the inmate that a delay occurred in the processing of the incident report, and notified the inmate the
Warden had approved of the time extension to proceed with the disciplinary hearing. The inmate
could not offer any justification how this delay negatively affected his ability to defend himself at
the hearing. The inmate understood his due process rights, and was ready to proceed with the
DHO Hearing.

The DHO found inmate CHESTER, Jerry, Register Number 66184-019, committed the prohibited act
of Attempted Introduction of Narcotics, in violation of Code 111A. The DHO determined the
charges of Code 196 and Code 197 to be repetitive. The DHO relied upon



BP-A0304    **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

the reporting officer s statement, which indicated:

(This is a REWRITE) On July 2, 2021 at 4:49 pm., SIS completed an investigation that concluded inmate Chester, Jerry Reg. No. 66184-019 was involved in the introduction of narcotics into USP Victorville. Specifically, on April 12, 2021 approximately 10:00 a.m., the FCC Victorville received a package via the United States Postal Service with tracking number 9405503699300340235192. The box was addressed to inmate Chester. Inside the package where five books, each with a hidden compartment. One of the books had approximately 100 strips of an orange colored film with the markings "A8." These strips were positively identified by the Staff Pharmacist as Suboxone (Buprenorphine/Naloxone) a Scheduled 3 Controlled Substance. During the course of the investigation, it was determined Chester had full knowledge of the scheme as he received and sent various emails inquiring about the whereabouts of the package with the corresponding tracking number mentioned above. This is a rewrite to correct date of incident.

The DHO relied upon the Evidence Photographs which depicted a USPS Priority Mail large flat rate box which was addressed to inmate Chester at USP Victorville with USPS tracking number 9405503699300340235192 containing several hard cover books: The Dead are Arising by Les Payne, Hurricanes by Rick Ross, The Marathon Don't Stop: The Life and Times of Nipsey Hussle by Rob Kenner, All the Broken People by Leah Konen, an untitled book with a black cover and binding, The Mack Within: The Holy Book of Game by Tariq "King Flex" Nasheed, and Trusting Love by Xan Tucker. Each book had been opened to reveal secret compartments each containing varying sizes and colors of paper-like substances, some of which had been wrapped individually. In another photograph are the NIK Test Kits A, U, and K which had changed to brown, burgundy, and purple, respectively, indicating a positive result for morphine.

The DHO relied upon the Supporting Memorandum provided by Acting Chief Pharmacist C. Madrigal, which indicated, "On May 24, 2021, at 12:47 p.m. , I was presented with a hard cover book discovered to have approximately (100) orange strips (with the imprint A8) concealed underneath the book binding. The hard book titled, "All the Broken People" was addressed to inmate Chester, Jerry, Reg. No. 66184-019. I have identified the orange strips (with the imprint A8 and 8) as Suboxone (Buprenorphine/Na10xone) 8mg/2mg sublingual strips . Suboxone is classified by the DEA as a Schedule 3 Controlled Substance and is typically used to treat pain and narcotic dependence . Suboxone has the potential, particularly at high doses, to produce a "high" effect." [sic]

→ The DHO relied upon the TruLincs email print out from inmate Chester's account sent by "niecy1426@gmail.com" on 04-24-2021 at 2:51 p.m. in which the writer sends a tracking number 9405503699300340235192, which matches that of the package addressed to inmate Chester.

→ The DHO relied upon the Evidence Photograph of the Video Surveillance footage still which depicted inmate Shepherd on the telephone inside Unit 3B on April 28, 2021 at 10:49 a.m.

The DHO considered the contents of the SIS Investigation.

The DHO considered the statement provided by Staff Representative, Mr. Perez, who indicated CHESTER relayed to him he believed his due process was violated.

→ The DHO reviewed the investigation and UDC portions of the disciplinary process and noted inmate CHESTER declined the opportunity to provide a statement of defense at either of these stages, leading the DHO to draw adverse inference.

The DHO considered inmate CHESTER s written statement submitted at his discipline hearing in which he denied the charge, based upon several reasons; the first being what he believed to be a violation of due process due to SIS intercepting the package he was unable to confirm he was aware of the hidden compartments in the books, nor did he have knowledge of the scheme.

 **BP-A0304**     **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

---

However, based upon the greater weight of the evidence photographs, the TruLincs emails, supporting memorandums, and the incident report as written, the DHO was convinced inmate Jerry CHESTER, Register Number 66184-019, did Attempt to Introduce Narcotics, in violation of Code 111A.

---

VI.     SANCTION OR ACTION TAKEN
        **111A - DIS GCT 41 DAYS,  111A - LP EMAIL 6 MONTHS**

---

VII.    REASON FOR SANCTION OR ACTION TAKEN
        Any action on the part of any inmate to attempt to introduce narcotics into a correctional environment through the mail system threatens the security of the institution and the safety of others. Inmates under the influence of drugs have been known to become violent. The mail system is provided to enhance an inmate s opportunity for effective rehabilitation and reentry into society. The disallowance of good conduct time was imposed based on the severity of the offense, and the inmate s sentence commitment. Loss of privilege sanctions were imposed since prior sanctions have not resulted in inmates refraining from this type of misconduct and to attempt to ensure future behavior consistent with Bureau regulations and policies.

---

VIII.   APPEAL RIGHTS:  X  The inmate has been advised of the findings, specific
        evidence relied on, action and reasons for the action. The inmate has been
        advised of his right to appeal this action within 20 calendar days under
        the Administrative Remedy Procedure. A copy of this report has been given
        to the inmate.

---

IX.     Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| **D. GODWIN** | **D. GODWIN** | **08-12-2021** |

DHO Report Delivered to Inmate by:

| **K. WALLS** | **K. WALLS** | **08-12-2021 1358 hrs** |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

---

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

| BP-A0288 | **INCIDENT REPORT** | |
|---|---|---|
| Dept. of Justice / Federal Bureau of Prisons | | |

| Inmate's Name | Register Number | Incident Report Number |
|---|---|---|
| CHESTER, JERRY | 66184-019 | 3515123 |

| Part III - Investigation | 22. Date & Time Investigation Began |
|---|---|
| | 10-19-2021 1934 hrs |

23. Inmate Advised of Right To Remain Silent: You are advised of your right to remain silent at all stages of the discipline process. Your silence may be used to draw an adverse inference against you at any stage of the discipline process. Your silence may not be used to support a finding that you have committed a prohibited act.

The Inmate Was Advised Of The Above Right By   C. Foell

At (Date/time)  10-19-2021 1934 hrs

24. Inmate statement and attitude

INMATE WAS ADVISED OF HIS RIGHTS AND STATED HE UNDERSTOOD HIS RIGHTS. HE RECEIVED A COPY OF THE INCIDENT REPORT AND DISPLAYED A FAIR ATTITUDE DURING THE INVESTIGATION. INMATE DECLINED TO PROVIDE A STATEMENT.

25. Other facts about the incident, statements of those persons present at scene, disposition of evidence, etc.

INMATE DID NOT REQUEST ANY WITNESSES OR STAFF REPRESENTATIVES. INMATE DID NOT RECEIVE NOTICE OF THIS INCIDENT REPORT WITHIN 24 HOURS DUE TO SIS INVESTIGATION. THE DHO AT USP VICTORVILLE REQUESTED TO RECONSIDER THIS INCIDENT REPORT FOLLOWING A REWRITE. AN SIS INVESTIGATION REPORT AND EVIDENCE PHOTOS WERE SUBMITTED AS EVIDENCE AND REVIEWED DURING THIS INVESTIGATION.

26. Investigator's comments and conclusions

BASED ON THE BODY OF THE INCDENT REPORT AND ATTACHED EVIDENCE, IT IS THIS INVESTIGATOR'S CONCLUSION THAT INMATE CHESTER, JERRY #66184-019 DID COMMIT THE PROHIBITED ACTS AND IS PROPERLY CHARGED. INMATE CHESTER COORDINATED WITH INMTE SHEPHERD, OSCOREN #30776-001 TO USE THE MAIL FOR ILLEGAL PURPOS OF NARCOTICS INTRODUCTION FROM OUTSIDE THE INSTITUTION. THIS FULFILLS THE CONDITIONS OF CHARGE 196, AND CHARGE 111.
**The investigation and delivery of the incident report to the inmate was delayed due to SIS investigation.**

27. Action taken

INMATE IS TO REMAIN IN HIS CURRENT ASSIGNMENT. THIS REPORT AND INVESTIGATION WILL BE FORWARDED TO UDC FOR FURTHER DISPOSITION.

Date and Time Investigation Completed:   **10-19-2021 2000 hrs**

Printed Name/Signature Of Investigator:   **C. Foell**

Investigator Title:   **LIEUTENANT**

# Exhibit B

11.   NARCOTIC IDENTIFICATION KITS.  Each Captain will ensure the institution maintains a supply of Narcotic Identification Kits (purchased through the Federal Supply Schedule) to determine the identity of unknown substances.

All lieutenants will be proficient in using the Narcotic Identification Kit and ordinarily are responsible for testing unknown substances.

pro|

**1**

© 2022 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

1109401-R1
USP Atwater

You are requesting administrative relief regarding the reconsideration of the Discipline Hearing Officer (DHO) on November 2, 2021, in which you were found to have committed the prohibited act of Attempted Introduction of Drugs (Suboxone), Code 111A, while you were being housed at USP Victorville.  In essence, you claim your due process rights were violated when a pharmacist identified the substance as Suboxone instead of staff following standard NIK Polytesting procedures.  For relief, you seek to have the incident report expunged from your record.

On appeal, the appropriate reviewing authority shall consider: a. Whether the UDC or DHO substantially complied with the regulations on inmate discipline; b. Whether the UDC or DHO based its decision on some facts, and if there was conflicting evidence, whether the decision was based on the greater weight of the evidence; and c. Whether an appropriate sanction was imposed according to the severity level of the prohibited act, and other relevant circumstances.

A review of the disciplinary action indicated that you were provided due process as required by Program Statement 5270.09, Inmate Discipline Program.  You were given advanced written notice of the charge against you more than 24 hours prior to your appearance before the DHO.  You were afforded the opportunity to have staff representation and to call witnesses.  Your staff representative was present; his assistance is reflected in the record.  You waived your right to call witnesses.  You were afforded the opportunity to make a statement to the DHO and present documentary evidence on your behalf.  The DHO Report reflects you submitted a written statement, in lieu of making a verbal statement and it was considered and addressed by the DHO.

The DHO report clearly indicates the basis for the finding that you committed the prohibited act and explains the purpose of imposing the sanctions which are within policy.

Bureau of Prisons policy directs the DHO to consider all evidence presented at the hearing and to make a decision based on some facts, and if there is conflicting evidence, to base the decision on the greater weight of the evidence.  It is apparent that the DHO found you guilty based on the greater weight of the evidence.  Evidence weighed against you included the account of the reporting staff member who conducted an investigation of the incident and other documentary evidence contained in the discipline packet.  Such evidence supports the fact on the said date, time and place, you conspired with an outside person in an attempt to introduce narcotics (Suboxone) via a package into USP Victorville.  This evidence, coupled by the fact that you were unable to present credible and verifiable evidence which exonerates you from the charge, reasonably led the DHO to a guilty finding.

You claim your due process rights were violated when a pharmacist identified the substance as Suboxone instead of staff following standard NIK Polytesting procedures.  Contrary to your belief, a pharmacist is allowed to identify a substance as Suboxone and staff are not required to retest the substance via NIK Polytesting when this is done.

The allegations presented in your request for relief have been investigated and determined to be without merit.  Thus, your request for relief from the discipline action or sanctions is denied.

If dissatisfied with this response, you may appeal to the Office of the General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534.  Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

3|8|22
_____
Date

_____
M. Rios, Regional Director

```
JERRY CHESTER, 66184-019
ATWATER USP     UNT: 5A      QTR: E53-205L
P.O. BOX 019001
ATWATER,   CA 95301
```

**Administrative Remedy No. 1109401-A2**
**Part B - Response**

You appeal the November 3, 2021, reconsideration decision of the
Discipline Hearing Officer (DHO) regarding incident report #3515123
in which you were found to have committed the prohibited act of
Introduction or Making of any Narcotics, Marijuana, Drugs, Alcohol,
Intoxicants, or Related Paraphernalia, Not Prescribed for the
Individual by the Medical Staff - Attempted (Code 111A).  For relief,
you request the incident report be expunged.

Our review of your disciplinary proceedings indicates compliance
with Program Statement 5270.09, <u>Inmate Discipline Program</u>.  The
DHO's decision was based upon the evidence detailed in Section V of
the DHO report.  We find the determination of the DHO is reasonable
and supported by the evidence.  Your Due Process rights were upheld
during the discipline process.  The sanctions imposed were
commensurate to the severity level of the offense committed and in
compliance with policy.

Additionally, the substance was identified by the pharmacist as
suboxone.  No additional testing was required.

Accordingly, your appeal is denied.


_____9-12-22_____                    _A. Connors_
Date                                     Ian Connors, Administrator
                                         National Inmate Appeals

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attach-
ments must be submitted with this appeal.

From: __Chester, Jerry__   __66184·019__   __4-B__   __USP Atwater__
　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

**Part A - REASON FOR APPEAL**

SEE ATTACHMENT(S).
Incident Report # 3515123
Memorandum; Counselor Barahona; Late Filing.

__4·26·22__　　　　　　　　　　　　　__Jerry Chester__
DATE　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

JUL 2 6 2022

Administrative Remedy Section
Federal Bureau of Prisons

RECEIVED

MAY 1 1 2022

Administrative Remedy Section
Federal Bureau of Prisons

_____　　　　　　　　　GENERAL COUNSEL
DATE

ORIGINAL: RETURN TO INMATE　　　　CASE NUMBER: __1109401-A2__

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

SUBJECT: _____

_____　　　　　　　　　_____
DATE　　　　　　　　　　　　　SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

Jerry Chester
Unit 4B-211, USP Atwater
April 26, 2022

I, J. Chester am completely discontended with the response of M. Rios, Regional Director being in acquiescence with a mere visual by acting cheif Pharmacist C. Madrigal on a orange colored film substance as being a positive read of suboxone (Buprenorphine) Regional Director M. Rios claims chester was unable to present credible and verifiable evidence, which would exonerate chester from the charges; reasonably led the DHO to a guilty finding. With all due respect the burden of proof is on the BOP; the Regional Director is shifting the burden of proof to Chester.

Chesters substantial fifth Amendment rights were violated by S.I.S. J. Castillo and DHO hearing officer N. Rojas while conducting disciplinary investigation procedures and disciplinary hearing in a official capacity. S.I.S J. Castillo did not conduct a polytesting for confirmation on orange colored film substance, and DHO hearing officer N. Rojas issued sanctions now challenged as being illegal sanctions because chester did not receive all procedural guarantees which are due process violations. SEE WULFF. [Incident Report Number: 3515123 - 4/12/21 - N. Rojas].

S.I.S J. Castillo was directly responsible for not requiring a certified technician to a polytesting (NIK TEST) on orange colored film substance that was identified by acting Cheif Pharmacist C. Madrigal as suboxone (Buprenorphine/Naloxone) strips. In Sachez V. U.S. U.S. Dist LEXIS 108136 (May 3, 2021 9th Cir) three (3) test are REQUIRED per polytesting procedure, (NIK Test Kit A; NIK Test Kit U; NIK Test Kit K), to CONFIRM a positive test for Buprenorphine In Torres V. Cielli, U.S. DIST LEXIS 140114 (9th Cir 2020) The DHO recounted the evidence relied on to support the findings including the positive drug presence results from a S.I.S. Support technician officer who is certified to conduct NIK testing. Also see, Vasquez-Maldonado V. Salazar, U.S. Dist. LEXIS 24837 (9th Cir 2020). In above cases, NIK test were conducted to confirm a positive test. To allow a pharmacist to view a substance with a mere visual be allowed to vouch with absolute certainty about any particular substance is futile and inadequate. It is absurd to juxtapose an idea that a mere visual by a pharmacist is equal to a scientific reading by NIK testing. Facts proper are those not subject to reasonable dispute, capable of accurate and ready determination of truth, that cannot be reasonably questioned. For this exact reason, is why the BOP's standard Narcotics Identification Kit Polytesting system ("NIK TEST") is a prominent factor in being so significant. the orange colored film substance that was identified by acting cheif pharmacist C. Madrigal as Suboxone (Buprenorphine) was NOT tested. Therefore, the orange colored film substance was not confirmed as being Suboxone (Narcotic or Illicit drug) which is a clear violation of Chester's Procedural guarantees. without confirmation from polytesting the complexity of the issue makes it unlikely that chester will be able to collect and present the evidence necessary for an adequate comprehension of the case. see WOLF, 418 U.S. at 563-67, 566, 570. BOP's standard Narcotic Identification was not adhered to, and NIK test polytesting was not conducted, chester was denied the opportunity and afforded the minimal procedural requirements in WULFF V. McDonnell, 418 U.S. 589, 563-68. DHO Hearing officer N. Rojas was responsible for violating chesters substantive and procedural disciplinary proceeding due process rights to follow established BOP procedural policy.

In the above cited incident report and factual findings, the record is devoid of S.I.S. J. Castillo and DHO N. Rojas for not conducting BOP's standard Narcotics Identification kit Polytesting system (NIK test) that is necessary for confirmation of illegal/illicit drugs, which resulted in a fundamental miscarriage of justice and administrative procedures, thus is a violation of chesters fifth Amendment "Due Process" Rights. Chester now moves and request that incident report #3515123 be expunged from his record

JERRY Chester 4-26-22

RECEIPT – ADMINISTRATIVE REMEDY


DATE: FEBRUARY 9, 2022



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      WESTERN REGIONAL OFFICE

TO  : JERRY CHESTER, 66184-019
      ATWATER USP    UNT: 4B    QTR: D47-211U



THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 1109401-R1
DATE RECEIVED   : FEBRUARY 3, 2022
RESPONSE DUE    : APRIL 4, 2022
SUBJECT 1       : DHO APPEAL – COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2       :
INCIDENT RPT NO: 3515123

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Chester, Jerry__ _____ __66184.019__ __4B__ __USP·ATW__
LAST NAME, FIRST, MIDDLE INITIAL            REG. NO.         UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

SEE ATTACHMENT(S)

Incident Report # 3515123

__12·21·21__
DATE

__Jerry Chester__
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

FEB - 3 2022

WESTERN REGIONAL OFFICE

__12·21·2021__
DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: __1109401-R1__

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
                    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.              UNIT           INSTITUTION

SUBJECT: _____

_____          _____
DATE                                        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR          PRINTED ON RECYCLED PAPER                    BP-230(13)
                                                              JUNE 2002

Jerry Chester
Unit 4B 211, USP: ATW
December 21, 2021

Recent events exposed that inmate Chester's substantial Fifth Amendments rights were violated by SIS J. Castill and DHO hearing officer N. Rojas while conducting "disciplinary investigation procedures and disciplinary hearing" in a official capacity. SIS J. Castillo did not conduct a Polytesting for confirmation on particular substance, and DHO hearing officer N. Rojas issued sanctions now challenged as being illegal sanctions, because Chester did not receive all procedural guarantees which are due process violations. SEE WOLFF. [Incident Report Number: 3515123 - 4/12/21 - N. Rojas].

SIS J. Castillo was directly responsible for not requiring a certified technician to conduct a Polytesting ("NIK test") on orange colored film substance that was identified by Acting Chief Pharmacist C. Madriga as Suboxone (Buprenorphine/Nalaxone) strips. In Sanchez v. United States U.S. Dist LEXIS 108136 May 3, 2021 9th cir.) Three test are required per Polytesting procedures, NIK test Kit A - NIK test Kit U - NIK test Kit K, to confirm a positive test for Buprenorphine. In Torres v. Cioli, U.S. Dist. LEXIS 140174 (9th cir 2020). The DHO recounted the evidence relied on to support the findings including the positive drug presence results from a Special Investigative Supervisor (SIS) support Investigation officer who is certified to conduct NIK testing. In Vasquez-Maldonado v. Salazar, U.S. DIST. LEXIS 24837 (9th cir 2020) cellmate who was charged with the same violatio obtained remand of his disciplinary proceedings on appeal. However, remand of cellmate's case was based on "questions concerning disciplinary process" because only one test, the NIK test K was conducted. In petitioners case, two test was conducted, along with additional testing. In above cases, NIK test were conducted to confirm a positive test, not confirmatio by a mere visual, with respect to Acting Chief Pharmacist C. Madrigal. Facts proper for DH N. Rojas are those not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination" by reference to sources whose accuracy cannot be reasonably questioned. For this exact reason, this is why BOP standard Narcotics Identification Kit Polytesting System (NIK test) is significant. The orange colored film substance that was identified by Acting Chief Pharmacist as Suboxone (Buprenorphine/Nalaxone) strips, were not tested. Therefore, it was not confirmed as being a narcotic or illicit drug, which is a clear violation of Chester's procedural guarantees, because a mere visual of a substance is not a confirmation, which ultimately cannot be used as evidence. Without a confirmation from Polytesting "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." Wolff, 418 U.S. at 563-64, 566, 570. BOP's Standard Narcotic Identification was not adhered to and because NIK test Polytesting was not conducted, Chester was denied the opportunity and afforded the minimal procedural requirements in Wolff v. McDonnell, 418 U.S. 539, 563-68. DHO hearing officer N. Rojas was responsible for violating Chester's substantive and procedural disciplinary proceeding due process rights for failing to follow established BOP procedural policy.

In the above cited incident report and factual findings, the record is devoid of SIS J. Castillo and DHO N. Rojas for not conducting BOP's Standard Narcotics Identification Kit Polytesting system (NIK test) that is necessary for confirmation of illegal/illicit drugs, which resulted a fundamental miscarriage of justice and administrative procedures, thus is a violation Chesters Fifth Amendment "Due Process" Rights. Chester now moves and request that incident report #3515123 be expunged from his record.

Jerry Chester